**James D. HOLT**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare.**

Civ. A. No. 7297.

United States District Court
W. D. Louisiana,
Lake Charles Division.

Dec. 24, 1959.

Jack C. Watson, Lake Charles, La., for plaintiff.

T. Fitzhugh Wilson, U. S. Atty., Shreveport, La., for defendant.

HUNTER, District Judge.

Plaintiff Holt seeks to establish a period of disability under the Social Security Act, 42 U.S.C.A. § 416(i). He has exhausted administrative remedies and brings instant suit under 42 U.S.C.A. § 405(g),[1] requesting this Court to review the adverse decision of the Referee and the Appeals Council. This action was filed on January 12, 1959, and in due time the Secretary filed a certified copy of the transcript of the administrative record, including the evidence upon which the findings and decision of the Referee were based.

Holt suffered a back injury on November 29, 1949 and was treated for a period

1. This section states, in pertinent part:
   " * * * The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *."

of approximately ten months. The medical opinion of his attending Orthopedist, Dr. Edmund Campbell, of Lake Charles, Louisiana, is in the record (page 133). This report indicates that both in November 1949 and on the occasion of a subsequent examination, March 3, 1958, Holt was "totally disabled for the performance of any work." Dr. Luke Marcello's report of 9–14–55 (page 86) shows that Holt was under Dr. Marcello's care in 1955 and had been under treatment of Dr. S. T. Roberts until the latter part of 1952. Dr. Marcello stated that plaintiff had generalized arthritis, bursitis and peptic ulcers in 1955, and had been unable to work since November 29, 1949. Dr. William Fey reported on January 4, 1957 (page 84) that Holt had hypertrophic arthritis of multiple joints, that the condition was progressive and no improvement was to be expected. Dr. Schneider (page 110), another orthopedic surgeon, states that in June 1951, Holt was suffering from a "quite marked arthritic process" involving his back and neck, and that "he is not employable." Dr. Schneider again examined Holt on January 3, 1957 and found the orthopedic condition progressive with no improvement expected. In addition to the opinions of these doctors, there are various affidavits, statements and letters from persons who knew Holt and knew his condition. These are all to the effect that he has been ill and in and out of hospitals since June of 1951 and has not been able to hold any type of job since that time.

The specific issue is whether beginning November 24, 1949 (the date of onset as alleged) and prior to March 31, 1951 (the date claimant last met the earning requirement), and continuing without interruption until March 28, 1957 (the date claimant's disability application was filed), the claimant has been unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to be of long continued and indefinite duration.[2]

The evidence heretofore related did not satisfy the Referee and he secured consultations from two doctors, not previously familiar with plaintiff's medical situation. These reports were from Dr. T. E. Banks, Jr. and Dr. R. L. Robbins.[3] Presumably basing his opinion on these post-hearing examinations by Drs. Banks and Robbins, the Referee concluded that the evidence was insufficient to establish that the claimant was suffering from medically determinable physical or mental impairments of sufficient severity as would have effectively precluded him from engaging in any form of substantial gainful activity prior to March 31, 1951, when he last met the earning requirements, and continuing without interruption until March 28, 1957, the date his application for disability insurance benefits was filed.

The burden of proving a disability so severe that it incapacitates one from any substantial gainful employment is upon the claimant,[4] and the finding of the Referee is conclusive upon a reviewing court, if supported by substantial evidence.[5]

Analyzing the record, we cannot say with assurance that there is sub-

---

2. 42 U.S.C.A. § 423(c) (2): "The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. * * * "

3. It is important to note that the hearing before the Referee was held on January 16, 1958 and it was only subsequent to the hearings that Dr. Banks and Dr. Robbins saw and examined Holt. However, their reports were added and are in the record.

4. Bostick v. Folsom, D.C., 157 F.Supp. 108; Fuller v. Folsom, D.C., 155 F.Supp. 348; Thurston v. Hobby, D.C., 133 F. Supp. 205.

5. 42 U.S.C.A. § 405(g); Rosewall v. Folsom, 7 Cir., 239 F.2d 724; Ferenz v. Folsom, 3 Cir., 237 F.2d 46.

staritial evidence in the record to support the Referee's conclusion that Holt is able to engage in substantial gainful activity. There is certainly no evidence in the record to show that he could engage in substantial gainful activity prior to the post-hearing examinations by Drs. Banks and Robbins. The proofs were conclusive that he could not.

Holt is almost 56 years old, indisputably crippled, indisputably a chronic invalid.[6] He attended school seven years, his livelihood during most of his adult life was made by heavy labors. Considering Holt's age, experience, education, physical handicaps, and the conclusions of the doctors who actually treated him, and of the people who know him, Holt, beginning on November 24, 1949 and continuing without interruption until March 28, 1957, has been unable to engage in any substantial gainful activity by reason of medically determinable, physical and mental impairments. There is no substantial evidence to the contrary.[7] *The record is conclusive that this man was an able-bodied hard working man before the accident in 1949, and has been unable to work since that date.*

An order will be entered reversing the decision of the Referee and directing that plaintiff be accorded insurance benefits under the Social Security Act, in accordance with this opinion.

An appropriate decree should be presented by counsel for plaintiff.

Defendant is specifically reserved the right to apply for a rehearing.

6. On Page 60 of the record, we find the Referee himself making this observation of the claimant on the day of the hearing: "He has a very florid—red—complexion. He appears to be nervous, the muscles in his right arm continuously quiver and jerk."

7. Presumably, the Referee relied on:
(a) Dr. Davis, who examined Holt after March 28, 1957, and stated that "I do not feel that he is permanently and totally disabled," but was quick to add, "on the basis of this one rather brief examination," and to add again "of course,

disability from gainful employment must also be considered on the basis of the local situation and the man's previous type of work."
(b) Dr. Robbins, who examined him after March 28, 1957, and stated "the patient's gait was slow, torturous and required the use of a cane." He also stated "the electrocardiogram was interpreted showing definite EKG evidence of myocardial disease on the basis of first degree AV block and defective interventricular conduction." Dr. Robbins concluded that Holt was suffering from neurosis which is only partially incapacitating.