295 F.2d 693
 Willie VARNADO, Appellant,
v.
Arthur S. FLEMMING, Secretary of Health, Education and
Welfare, (Abraham A. Ribicoff, Secretary of Health,
Education and Welfare, substituted in the place and stead of
Arthur S. Flemming, resigned), Appellee.
 No. 18769.
 United States Court of Appeals Fifth Circuit.
 Oct. 13, 1961.
 
 Thomas J. Meunier, New Orleans, La., for appellant.
 Francis G. Weller, Asst. U.S. Atty., M. Hepburn Many, U.S. Atty., New Orleans, La., for appellee.
 Before RIVES, CAMERON and WISDOM, Circuit Judges.
 CAMERON, Circuit Judge.
 
 
 1
 The question here is whether the district court was correct in holding that there was substantial evidence to support the administrative finding that the claimant was not totally disabled under the 'disability freeze' provisions of the Social Security Act, 42 U.S.C.A. 416(i), 423. Appellant filed a claim with the Bureau of Old Age and Survivors Insurance for the disability payment under 223 of the Social Security Act. His application was denied throughout the administrative machinery involved, including an appeal to the office of the Appeals Council. Pursuant to 42 U.S.C.A. 405(g), appellant filed suit in the district court to obtain a review and reversal of the denial of benefits. The lower court rendered judgment remanding the case to the Secretary for the taking of additional up to date medical evidence and further evaluation.
 
 
 2
 After going through the administrative procedures of the Social Security Administration again, appellant's claim was again rejected by the Appeals Council. Appellant again applied to the district court for a review and reversal of this determination and the lower court rendered judgment granting a summary judgment in favor of the appellee, thus affirming the decision of the Referee and the Appeals Council denying appellant benefits. From that judgment appellant brings this appeal.
 
 
 3
 The appellant had worked for many years as a driver-salesman for a brewery, selling and delivering beer to customers. In 1945, appellant injured his back while unloading his truck. He was out of work for about eighteen months, at which time he resumed his former job. Until 1956 he had recurrent episodes of pain in his back, but they were not of sufficient severity to incapacitate him from work except for a few days at a time. In 1956, appellant reinjured his back while at work. The doctor's diagnosis showed that he had a herniated (ruptured) disc in his lower spine, part of which protruded outside the space between the vertebrae and pressed upon a nerve root against the bony surface of the spine. Although the disc was removed surgically, certain residuals of the condition remained. These included slight pain in the back and right leg on exertion, a partial paralysis and atrophy of the right leg and foot, lessened sensation therein, and a right 'drop foot,' a condition in which the foot dangles or drops rather than extending perpendicularly to the leg. Appellant was given physical therapy and was supplied with a back and ankle brace. One of the doctors testified that appellant suffered from a psychiatric disturbance-- anxiety and depression.
 
 
 4
 We feel that the cases of Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591, and Flemming v. Booker, 5 Cir., 1960, 283 F.2d 321, are controlling in the present case; and cf. Holt v. Flemming, D.C., W.D.La., 198 F.Supp. 622.
 
 
 5
 The testimony shows that the Secretary and the lower court failed to give correct and proper weight to the proven facts in reaching their decision that appellant was not totally disabled and, therefore, not entitled to the pension which he sought. The testimony of the doctors, other than the one stating outright that he thought appellant was one hundred per cent incapacitated, establishes that appellant was disabled from performing any work involving standing, sitting, walking or lifting. The lower court erred when it found that there was some type of work in which appellant could gainfully engage. All the doctors agreed that his capacity was severely limited and no one was ever able to point to an occupation which he might be able to engage in. The medical evidence was overwhelmingly in favor of appellant on the question of his disability.
 
 
 6
 In denying to appellant the disability herein sought, the Secretary and the lower court failed, in our opinion, to give proper construction to the regulations and interpretation of the phrase 'substantial gainful activity.' 42 U.S.C.A. 423(c)(2). In Flemming v. Booker, supra, despite the fact that claimant was working regularly, the court found him to be entitled to the disability benefits and concluded that the ability or necessity to do some work did not exclude him from the protection of the law. The court (283 F.2d 324) also pointed out that, even by the Department's own standards and rules, employment was not considered to be 'substantial gainful activity' unless the claimant earned more than $1,000 per year. Applying this rule to the instant case, there can be no doubt that this appellant must qualify for disability payments since his condition is far more disabling than was Booker's, and he has been unable to earn any money at all since 1956.
 
 
 7
 The medical and lay evidence in the original transcript of the record was found sufficiently convincing in support of appellant's claim to warrant the court below in reversing the original finding of the Secretary and remanding the case to that office for further evidence. Based upon the original evidence, the record clearly shows that, under the medical evidence, claimant was disabled from any work involving standing, sitting, walking or lifting, and that the lower court concluded that the Secretary had failed to show any area in which this claimant could effectively work. The court below, at that time, found that the finding of the Secretary was not substantiated by the record.
 
 
 8
 And it appears to us that the evidence after remand was overwhelmingly in favor of claimant's position. The medical evidence is definitive and unequivocal and, for all practical purposes, may be considered to be uncontradicted in support of claimant's position that he is totally disabled to do any work at all. Two doctors so stated without reservation. Another doctor vaguely hinted that there was some field in which the claimant might successfully engage, but carefully refrained from naming it. Another doctor specifically excluded from claimant's capacities any job involving prolonged standing, walking or lifting, reserving only sedentary type of work, which had been previously excluded by the medical evidence in the original record.
 
 
 9
 The lay testimony produced in the original transcript and on remand is similarly definite and conclusive and unequivocally supports plaintiff's position that he has not worked in any capacity since his injury in 1956, despite a previous record of long and continuous hard work for the same employer throughout his life.
 
 
 10
 Based upon these facts and under the authority of the cases above mentioned, the judgment of the court below is reversed, and the case remanded for the entry of proper judgment in favor of appellant.
 
 
 11
 Reversed.