Billy O. PARSONS, Plaintiff

v.

Arthur S. FLEMMING, Secretary of
Health, Education and Welfare,
Defendant.

Civ. No. LR 3761.

United States District Court
E. D. Arkansas, W. D.

Sept. 29, 1960.

Lightle & Tedder, Searcy, Ark., for
plaintiff.

Osro Cobb, U. S. Atty., by Ralph M.
Sloan, Little Rock, Ark., for defendant.

YOUNG, District Judge.

This is an action for federal disability
insurance benefits, 42 U.S.C.A. § 423, in
which plaintiff seeks to establish a period
of disability under 42 U.S.C.A. § 416(i)
(2). Upon denial of his claim by the
Secretary of Health, Education and Wel-
fare, plaintiff appealed for review of such
decision. 42 U.S.C.A. § 405(g). De-
fendant has moved for summary judg-
ment. Fed.R.Civ.P. 56(b), 28 U.S.C.A.

The sole question presented by the mo-
tion for summary judgment is the cor-
rectness of the decision of the referee,
which was affirmed by the Appeals Coun-
cil of the Social Security Administration,
that the plaintiff is not disabled within
the meaning of the law. Both the ref-
eree and the Appeals Council held that
plaintiff had not demonstrated that he
was unable to engage in any substantial
gainful activity, 42 U.S.C.A. §§ 416(i)
(1) (A), 423(c) (2).

Plaintiff, who now lives on a farm some
16 miles from Searcy, Arkansas, has a
history of back trouble dating from an
accident in 1925. Though the exact na-
ture of the injury is not definitely estab-
lished, the medical reports seem to con-
clude that some form of disk injury is
present, but that surgery is not presently
necessary. The uncontradicted testi-
mony of plaintiff, supported by affidavits
which are exhibits to the record, indicate
that he had to retire from his job with
The Prudential Insurance Company in
Memphis, Tennessee, in February of
1957, when he was 55 years of age, after
some thirty years with that company.
Plaintiff receives disability benefits from

Prudential, but they are substantially less than they would have been had he worked until he was 65 years of age. All tillable acreage of his farm was placed in the soil bank program because he was unable to farm and could not find dependable help; although he tried raising beef cattle in small numbers he has had to sell the cattle, as he was unable to perform the necessary chores even with the aid of his wife.

Plaintiff's back trouble requires him to use two canes for walking any considerable distance, imposes certain restrictions on normal motions, and is aggravated by prolonged sitting. He must rest frequently, using heat treatment and sedation, although normally the latter is only aspirin, which he finds as effective as prescribed medicine.

Dr. Drenning advised plaintiff to do "light work only"; Dr. Davis advised him not to work; Dr. Padberg reported that " * * * He does have some difficulties and no doubt he does have considerable distress and limited activity."; and Dr. Murphy stated: "It is felt that Mr. Parsons is incapable of doing any work at this time and should confine himself to menial tasks about his farm."

The referee held that plaintiff had failed to establish that he could not perform work less active than he had previously done, or work that would not require standing, moving, or remaining in one position for extended periods of time. The Appeals Council stated that they could not find from the record that there was no substantial gainful activity in which the education, experience and mental ability of plaintiff could not be employed despite the limitations on his physical ability.

The opinions of the doctors, both plaintiff's and those selected by the defendant, are in substantial accord as to plaintiff's physical condition, so that no question is presented as to the extent of his disability. The question of what substantial gainful activity may be open to plaintiff is therefore not clouded by questions as to the extent of the disability involved, and this case may, therefore,

be distinguished from cases such as Butler v. Folsom, D.C.W.D.Ark.1958, 167 F. Supp. 684, in which the decision reviewed resolved conflicting medical testimony to find that the claimant was less disabled than claimed and was not prevented from doing any substantial gainful activity. Here, the referee's conclusion that Mr. Parsons had not demonstrated his inability to engage in substantial gainful activity must rest upon either disbelief of the undisputed evidence or upon speculation and conjecture as to activities available to plaintiff, for both the referee and the Appeals Council found that plaintiff was unable to perform his previous duties as an insurance industrial debit agent and Mr. Parsons testified fully concerning his activities, and limitations upon his activities, since his retirement.

■ The inability to engage in any substantial gainful employment required by the Social Security law must be determined by reference to the particular facts of the instant case. Dunn v. Folsom, D. C.W.D.Ark.1958, 166 F.Supp. 44, 48; accord, Lumbra v. United States, 1934, 290 U.S. 551, 558, 54 S.Ct. 272, 78 L.Ed. 492. Nothing appears in the record to show what sort of job or jobs the referee or Appeals Council thought plaintiff could perform though the record does indicate that due to his physical condition it would be unrealistic to expect him to travel any distance with considerable regularity, which would bar possible part-time employment in the nearest town of any size, Searcy, some 16 miles from his farm. It will be noted that it is "substantial" activity that the statute requires, Dunn v. Folsom, supra, but job opportunities in or near plaintiff's farm that could provide substantial activity for one in plaintiff's condition must surely be few, and it is doubtful that there are any. Plaintiff's frankness in answering questions and presenting his claim may be seen from the record; his sincerity was remarked upon by the Appeals Council. I am impressed by plaintiff's long productive record of steady employment until 1957, and by the efforts, though

largely unsuccessful, he has made since that time to raise beef cattle on his farm.

■ Based upon this record, the conclusion that there was substantial gainful activity open to plaintiff, despite his physical condition, is not supported by substantial evidence and must be reversed. 42 U.S.C.A. § 405(g). The motion for summary judgment is denied, and judgment will be entered directing defendant to grant the disability period sought to be established, and such disability payments as would have been due had the application been initially approved.