George C. ROBERTS, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of
Health, Education and Welfare,
Defendant.

No. 12700.

United States District Court
W. D. Missouri, W. D.

Oct. 21, 1960.

Popham, Thompson, Popham, Trusty & Conway, Kansas City, Mo., for plaintiff.

John S. Boyer, Jr., Asst. U. S. Atty., Kansas City, Mo., for defendant.

R. JASPER SMITH, District Judge.

Plaintiff seeks review of the final decision of the Secretary of Health, Education and Welfare denying his applications for establishment of a period of disability and for disability insurance benefits under the provisions of Sections 416(i) and 423(c), 42 U.S.C.A. The cause is submitted here for judgment. Jurisdiction is conferred by Section 405(g), 42 U S.C.A., and by Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009. Julian v. Folsom, D.C.S.D.N.Y. 1958, 160 F.Supp. 747.

All administrative remedies have been exhausted. After two lower administrative determinations disallowing the claims, the matter was given to an examiner. A hearing was conducted before him, after which he filed an opinion denying plaintiff's claim. A request for review of the examiner's decision by the Appeals Council was denied.

At the time he filed the applications, in May, 1958, plaintiff was 51 years old. He had worked in coal mines since he was 18 years old at jobs requiring manual labor. He can read and write and has a 7th grade education with no other specialized training. In 1931 a rock fell on him at work, and he received a fracture of the lamina of the third lumbar vertebra with paralysis. A laminectomy was performed and he recovered. In December, 1956, while working in a coal mine as foreman, he again suffered an injury to the lumbar region of the spine. An operation in August, 1957, required fusion at the lumbro-sacral joint of the spine.

The medical evidence in the record consists of reports by Dr. Sam D. Hoeper and Dr. Frank D. Dickson. There are also letters written by Dr. Hoeper to an attorney, Mr. Robert L. Ewing, apparently in regard to a workmen's compensation claim Mr. Ewing was pursuing for plaintiff. At the time of the examiner's hearing and decision in July, 1959, the medical reports and the examinations upon which they were based were about a year old.

These reports and letters showed that plaintiff has arthritis of the cervical spine, hypertrophic type, arthritis of the right wrist and lumbar spine with large arthritic spurs on all five lumbar vertebrae, and marked scoliosis of the lumbar spine. It was noted that Roberts complained of pain or burning sensations in the lower back, weakness in the right leg, inability to sit for a long period of time, and nervousness. Dr. Dickson stated that the August, 1957, operation resulted in an excellent fusion of the spine leaving plaintiff with a back disability of 15 to 20 per cent. Dr. Hoeper characterized plaintiff's "total permanent partial disability" as approximately 50 per cent and said he did not think Roberts would be again able to do general duty. Mr. Dickson made no findings as to plaintiff's ability to work.

At the examiner's hearing plaintiff reiterated his medical history. He testified that from the time of the injury of December, 1956, to May, 1957, he wore a back support and attempted to keep

working. In May, 1957, he was discharged from the job. After the operation in August, 1957, he was in a cast until the first of the year. For an undetermined period of time in 1958, he wore a back brace and a support for his neck. Plaintiff said that the operation did relieve the pain in his back. In general he related how his infirmities prevent him from engaging in any physical activity without rest, except for short periods of time. His wife emphasized the fact that he suffers pain and headaches for which he takes medication. A neighbor, Emma McCowan, testified she thought he could not work without "giving out." She once in 1958 saw him faint while picking berries.

In his opinion the examiner stated:

"On the basis of the foregoing, the medical evidence together with the claimant's testimony, make it apparent that claimant's chief impairment is his back disability. One doctor estimated this disability between 20 and 25%, another, 50%, and according to the claimant, his workmen's compensation claim was settled on the basis of 27½% permanent partial back disability. According to The Journal of the American Medical Association, issue dated February 15, 1958, Special Edition, it is set out on page 103 that a 50% impairment of the spine represents a 30% impairment of the whole man. The evidence of record shows that claimant's lumbo-sacral and cervical spine are involved, however, the medical evidence does not show marked loss of motion of the spine. Therefore, taking into consideration claimant's back impairment, including arthritis of the cervical spine and in addition the arthritis of the right hand and right leg, the referee is constrained to find that claimant is not totally incapacitated by reason of such impairments.

"Based on the evidence in its entirety, the referee finds that while claimant's impairments are medically determinable and can be expected to be of long-continued and indefinite duration, such impairments, singly or in combination are not of sufficient severity as to preclude him from engaging in all substantial gainful activity. The evidence of record does not establish that claimant is totally incapacitated, although it does indicate that he is precluded from engaging in strenuous or laborious work. In considering claimant's age, education, and work experience, it would appear that there are avenues of employment open to him. To qualify for a period of disability, one must not only be precluded from his usual occupation but must have impairments of such severity as to preclude him from *all* gainful activity. Therefore, the referee further finds that claimant was not under a "disability" commencing May 1957 and continuing without interruption to date his applications were filed."

Sections 416(i) and 423(c) provide that a claim is established by a showing that plaintiff has a medically determinable physical or mental impairment that can be expected to result in death or a disability of long continued and indefinite duration which prevents plaintiff from engaging in any substantial gainful activity.

■■ Certainly the burden is upon plaintiff to prove his case by a preponderance of the creditable evidence. Thurston v. Hobby, D.C.W.D.Mo.1955, 133 F.Supp. 205. Nevertheless, the examiner's decision must be supported by substantial evidence, i. e., evidence "a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. National Labor Relations Board, 1938, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126. Finality is extended to the examiner's inferences and conclusions drawn from the evidence, only if there is a substantial basis for his conclusions. Fuller v. Folsom, D.C. W.D.Ark.1957, 155 F.Supp. 348. Although the examiner's conclusions of law are entitled to some weight, Hallard v.

Fleming, D.C.W.D.Ark.1958, 167 F.Supp. 205, the Court must review the record as a whole and not abdicate its traditional judicial function. Julian v. Folsom, supra.

I doubt whether the evidence in the record, though not well-developed and though orientated toward sustaining a workmen's compensation claim, substantially supports the examiner's findings. This case is factually similar to Pruitt v. Flemming, D.C.S.D.W.Va.1960, 182 F.Supp. 159, Dean v. Flemming, D.C.E.D. Ky.1959, 180 F.Supp. 553, and Klimaszewski v. Flemming, D.C.E.D.Pa.1959, 176 F.Supp. 927, where the Secretary's decisions denying claims similar to those asserted here, were reversed.

The uncontradicted evidence showed plaintiff suffers considerable pain from his infirmities, and the medical evidence established that the pain was not and is not imagined. This factor was ignored by the examiner. Although it would seem that the percentage of loss of motion in a certain orthopedic function is of itself of importance, plaintiff's ability comfortably to attain a certain measure of movement also should have been considered. Lewis v. Flemming, D.C.E.D. Ark.1959, 176 F.Supp. 872.

The examiner asserts there are other avenues of substantial gainful employment open to plaintiff. The record is silent as to the sedentary occupations plaintiff could handle in view of his limited education, his physical condition and his general discomfort. Dr. Hoeper commented as to plaintiff's inability to engage in any general duty. Among several things, plaintiff tried dairy farming, but found that he could not carry on the duties involved in that work. In a broad sense, the examiner failed to apply a subjective standard in determining whether plaintiff's mental and physical capabilities permitted him to engage in any substantial gainful activity. Jacobson v. Folsom, D.C.S.D.N.Y.1957, 158 F.Supp. 281. The decision was colored by a definition of the term "disability" more stringent than that required by the statute. The statute does not provide disability benefits or allow a period of disability upon proof only of partial disability; but there is likewise no requirement that plaintiff must be totally incapacitated. Aaron v. Fleming, D.C. M.D.Ala.1958, 168 F.Supp. 291. The test is whether he has inability to engage in any substantial gainful work commensurate with his education, training, experience, and physical and mental capacities.

The medical evidence in this record, old though it is, is cast in workmen's compensation terms and hence in a proceeding of this character must be considered of doubtful probative value. Carpenter v. Flemming, D.C.N.D.W.Va.1959, 178 F.Supp. 791. While technically we might be warranted in affirming the decision of the examiner on the theory that plaintiff has failed to sustain the burden of proof, we are unable to overlook the informality of the hearing here and the inability of the average unrepresented layman, and of plaintiff in particular, to realize the necessity of building a proper record for review.

Although Section 405(g) of Title 42 U.S.C.A. limits the scope of review in these cases and incorporates the familiar principle that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *", implicit in the section is a degree of flexibility, authorizing the Court at any time, for good cause shown, to order further action by the Secretary. This is not to say, of course, that simply because a plaintiff was not represented by counsel, he is entitled to present additional evidence when his record is deficient. It is an element, however, requiring consideration by a reviewing court; and this factor here, taken in connection with plaintiff's obvious lack of education and knowledge, is important in determining the question of good cause. It has been said properly enough that proof of good cause need not be quite so strict in cases of this kind. Butler v. Folsom, D.C.W.D.Ark.1958, 167 F.Supp. 684.

This is a case where on the bare record itself, good cause is shown for

remanding to the Secretary with the direction that additional evidence be taken to determine whether plaintiff has an ability to engage in any substantial gainful work commensurate with his education, training, experience and physical and mental capacities. This determination should be made consistent with the views expressed in this opinion. In particular it should include current comprehensive medical evidence. It is so ordered.