**Horace M. MANN, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**No. LR 60 C 65.**

United States District Court
E. D. Arkansas, W. D.

Dec. 27, 1960.

Frank W. Wynne, Wynne & Wynne, Fordyce, Ark., for plaintiff.

Osro Cobb, U. S. Atty., by Charles Mott, Jr., Little Rock, Ark., for defendant.

YOUNG, District Judge.

This is an action for federal disability insurance benefits, 42 U.S.C.A. § 423, in which plaintiff seeks to establish a period of disability under 42 U.S.C.A. § 416(i) (2). Both parties have moved for summary judgment upon the record filed by the defendant. Fed.R.Civ.P. 56(a, b), 28 U.S.C.A.

Born in April of 1896, plaintiff is now over 64 years of age; he lives on a 337 acre farm with his wife, two daughters and a 17 year old stepson. Two other stepsons had lived on the farm until they

entered military service in 1953. Though plaintiff completed only the tenth grade of school, he is apparently a skilled mechanic with a long record of employment in the oil fields, automobile and aircraft industries, and the defense industries at Pine Bluff and Camden, Arkansas, and has farmed several different times between jobs as a mechanic. His last employment was at the National Fireworks plant in Camden, which is some 43 miles from the town nearest plaintiff's farm, Carthage, which is in Dallas County; after being laid off there in June of 1957 he returned to farming, but says that arthritis became so severe that by January of 1958 he could no longer farm. Plaintiff receives a non-service connected disability payment from the Veterans' Administration of $66.15 a month.

The medical evidence is in agreement that plaintiff is severely disabled, as the hearing examiner stated, and the reports of the Veterans' Administration Hospital of confinement and treatment in that institution in 1956 and 1957 confirm the history of his arthritic condition and its severity. Further, the examiner found that plaintiff's condition prevented him from returning to his trade as a machinist, but he found from plaintiff's own testimony that he could resume farming on an active and gainful basis, or that he could supervise the raising of grain and feed on a profitable basis. The examiner declared:

"By his own testimony, this claimant engages in work requiring physical exertion and which work is in a well recognized, competitive field. It is not shown that participation in such work is adverse to claimant's health. Hence, it is not thought that there is a showing that this claimant is unable to engage in any substantial gainful activity. To qualify for benefits sought, the claimant must meet this stern test. The current strict test pertaining to disability under the social security program undoubtedly represents the deliberately considered intent of the Congress as revealed by expressions from responsible Congressional committees."

The "expressions" of the Congressional committees cited by the examiner are the same excerpts always inserted in the record supplied by the defendant, Secretary of Health, Education and Welfare, and are the excerpts commented upon recently by Judge Gibson [Adams v. Flemming, D.C.Vt.1959, 173 F.Supp. 873, at pages 878–879] and Judge Miller [Sebby v. Flemming, D.C.W.D.Ark.1960, 183 F. Supp. 450, at page 455]. I believe that the examiner's reliance upon these excerpts has lead him to an unduly strict interpretation of the test for disability, an interpretation not sanctioned by the legislative or judicial history of the sections of the Social Security Act here involved, 42 U.S.C.A. §§ 416(i) (1) (A), 423(c) (2). The test contained in these two sections is: "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." The "work requiring physical exertion", "work in a well recognized, competitive field", in which the examiner found plaintiff participating is, in fact, only sporadic sales of the stock remaining upon his farm coupled with attempts to work about the farm and garden. The testimony reveals that all members of the family take part in such work, with the stepson doing the heavier work; indeed, it is difficult to understand how the activities that plaintiff described could be called "substantial"; at best they are the efforts of a man accustomed to hard work who, disabled, attempts to do what he can to support his family and to occupy his time.

◼◼ It is well settled that part-time work, or attempts to work, do not as a matter of law prevent a finding of disability within the statutory definition. See Haxton v. Flemming, D.C.N.D.Cal. 1960, 183 F.Supp. 2; Roberts v. Flemming, D.C.W.D.Mo.1960, 187 F.Supp. 649, 652; Parsons v. Flemming, D.C. E.D.Ark.1960, 187 F.Supp. 369, 870–371;

cf. Berry v. United States, 1941, 312 U.S. 450, 61 S.Ct. 637, 85 L.Ed. 945. If the activities in which the particular claimant can engage are not substantial gainful activities, coverage results, for the precedents make clear that complete, immobilizing disability is not required. The activities of this plaintiff upon which the examiner relies are not substantial activities, and the suggestion that plaintiff could employ and supervise others in the operation of his farm is unrealistic. Plaintiff testified that he was physically unable to continually engage in active supervision; that there was no person in his area that he could hire, as his neighbors mainly were employed in the timber industry, owned their own places, and were not interested in being farm hands; and that he did not have the capital to engage in a full scale farm operation, nor did he have quarters to offer any farm hand. Plaintiff states that his arthritic condition has become progressively worse, afflicting new areas of his body; the medical reports show that his condition has not responded to treatment or therapy; both plaintiff and his wife testified that he is no longer able to perform the farm work that he previously managed; that the assistance of his 17 year old stepson is insufficient, by itself, to enable him to continue farming even on the somewhat limited basis he had previously operated; and that the assistance of two other stepsons is no longer available to him, and has not been available for several years. The record does not sustain the examiner's conclusion that this plaintiff is able to engage in substantial gainful activity, which conclusion, therefore, must be reversed.

I do not regard Atkinson v. Flemming, LR-3711 (E.D.Ark.1960—Unreported) as being to the contrary, for that case turned upon the resolution of conflicts in the evidence. Neither was the medical evidence there as strong, nor as unanimous of opinion, as that in this case.

The defendant's motion for summary judgment is denied; plaintiff's motion for summary judgment is granted, and judgment will be entered directing de-fendant to grant the disability period sought to be established and such disability payments as would have been due had the application been initially approved.