Lawrence R. SAMPSON, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education, and Welfare of the United States of America, Defendant.

Civ. A. No. W-2074.

United States District Court
D. Kansas.

Oct. 24, 1960.

Charles E. Cotton, Wichita, Kan., for plaintiff.

George E. Peabody, Asst. U. S. Atty., Wichita, Kan., for defendant.

HILL, Chief Judge.

Plaintiff is seeking review of a final decision of the Secretary of Health, Education and Welfare under Section 205(g) of the Social Security Act, as amended (42 U.S.C.A. § 405(g), which determined that plaintiff did not qualify for the so-called "disability freeze" provision of the Social Security Act, 42 U.S.C.A. § 416(i) (1) (A).

In this action, of course, this Court is limited to a consideration of the record (42 U.S.C.A. § 405(g) and must treat any factual findings, and inferences logically drawn therefrom, as conclusive where supported by substantial evidence. Both parties have moved for summary judgment; supporting their motions by oral argument and memoranda.

From the record it appears the plaintiff is 63 years old (62 years at time of hearing), married, and no minor children under 18 years. His education consisted of completion of the eighth grade. He has no other formal training. His work history reveals, farming for himself, railroad work as a car carpenter and inspector, and structural steel work. All of his work history indicates physical labor, without any desk or bench work.

In his application to establish a period of disability, plaintiff stated he first became unable to work in June, 1952. The evidence indicates he fell from a scaffold while working for Beasley Construction Company.

A medical report from Dr. C. K. Wier, M.D., dated April 8, 1955, states plaintiff suffered injuries June 11, 1952, in the fall from the scaffold and sustained a fracture of the left elbow, with displacement, Colles fracture right wrist, fracture of the right ilium, intra-articular fracture lateral condyle of the femur, right. An arthrodesis of the left elbow was performed January 15, 1953. Under diagnosis of his present disabling condition appears a statement, "6–11–52 injury. Still disabled from his former occupation due to limitation of the left elbow as this elbow was arthrodesed. The last treatment and medical examination was February 8, 1954."

A letter report from Dr. A. E. Bence, M.D., dated May 21, 1953, indicates plaintiff was examined by Dr. Bence, an orthopedist, on May 20, 1953. Plaintiff was wearing a cast on the left arm. He had no complaints of the right wrist. The right knee was in good functional alignment and the right leg could be completely extended and flexed to 75 degrees. X-rays revealed an old healed fracture of the left os ilii—with good hip socket, left. Right knee showed no evidence of fracture. Left elbow x-rays showed a fusion of the left elbow. The conclusion was that plaintiff would be completely disabled for three to four months and a 50 to 60 per cent nonscheduled disability thereafter.

Dr. Wier submitted a medical report dated May 10, 1957, which refers to the injury of June 11, 1952. It reveals the plaintiff was ambulatory, blind in one eye, ankylosis, left elbow at 90-degree angle; healed fractures, confirmed by x-rays. The report indicates plaintiff has been static in his condition for two and one-half years. The Doctor did not feel plaintiff could return to steel work, due to blindness in one eye, and the ankylosis of the left elbow.

The report from Dr. James W. Shaw, M.D., dated May 14, 1957, refers to the report of Dr. Wier and the only different contribution is an indication of a Class 2 heart condition, according to standards of the American Heart Association.

Dr. Thomas J. Luellen, in his report of November 8, 1957, states:

"I can find only the ankylosis of the left elbow, the absent right eye and slight limitation of motion of his back. I do not know the mechanism by which he has the muscle pains which prevent his continuing that work. However, I am inclined to feel that they are quite definite in this case. Other than the findings mentioned above I feel that the patient is in good general health for his age. I feel that he should be able to hold down a job which will allow him to be off his feet frequently throughout the day, if such is available."

The medical report of Dr. Paul A. Lovett, M.D., dated May 13, 1959, reports substantially as follows:

Plaintiff has a glass right eye, a heart difficulty that bothers him once in a while, left elbow is ankylosed at 90 degrees and a scar on the posterior surface of the left elbow; that plaintiff locates his back difficulty as being through the lumbar area and that he has a slight list to the left and that when lying down the range of motion of the left shoulder is 120 degrees abduction and 135 degrees forward elevation and normal backward elevation; that the plaintiff does not hear well. Dr. Lovett states, "this individual's fusion of the left elbow at 90 degrees, loss of use of the left shoulder, loss of right eye has been present since his accident in 1952 and would, in my opinion, constitute a disability of such magnitude that he could not enter into any field of substantial, gainful occupation. Add to this the arthritis of the back and knees and the loss of hearing equivalent to

22½% bilateral, would further increase his loss of ability to do work."

In addition to this medical evidence, there was testimony from plaintiff's wife, and his neighbor, a Mr. W. Schnoor.

From the evidence, the examiner concluded that the plaintiff's impairments, while medically determinable and of long-lasting duration, such impairments were not sufficiently severe to prevent him from engaging in substantial gainful employment.

The question here is whether this conclusion is founded upon substantial evidence.

The plaintiff in his brief calls the Court's attention to numerous cases involving individuals of nearly the same age as this plaintiff and with limited educations, and makes a comparison of these cases where the "disability freeze" was allowed.

Plaintiff calls attention to the case of Dunn v. Folsom, D.C., 166 F. Supp. 44, where it was said in substance that the Act is not concerned with a normal, or average, or standard man of ordinary and customary abilities, but with the particular person. I agree with this principle as being well settled and believe it applies with equal force in forestalling comparisons with other disability cases.

It is obvious, and no one would contend, that this man could engage in the type of work (steel construction) that he was engaged in when injured. However, the Act is concerned with total lack of capacity to work. Fuller v. Folsom, D.C., 155 F.Supp. 348; Hallard v. Fleming, D.C., 167 F.Supp. 205; Remington v. Folsom, D.C., 157 F.Supp. 473. It has been consistently interpreted to mean that the mere fact that a plaintiff was unable to do the kind of work that he had been accustomed to perform did not establish the total nature of his disability, but the plaintiff must also show that he could not engage in *any* other type of substantial gainful activity.

It is true that substantial employment means more than sporadic or

occasional, and must be considered in the light of what is reasonably possible, not what is conceivable.

I believe there is ample evidence to sustain the Referee's decision. There is no evidence of any attempt on the plaintiff's part to work. Only his belief that he cannot. He refused two jobs that were offered which under the medical evidence he was physically able to do. He testified he has not been without pain since 1952, and he says he cannot work long in one position, either standing or sitting. On either of the jobs he would have been able to move when necessity dictated. I do not believe he would have been more uncomfortable on these light and sedentary type jobs, than when at home periodically doing house, yard, and carpentry work, between periods of resting, as he testified he did. The courts have held that even if a claimant would not be able to work without some pain and discomfort, such fact would not warrant considering the case as one of disability. Hallard v. Fleming, supra.

It was said in United States v. Still, 4 Cir., 120 F.2d 876, 880, a war risk insurance case, that: " * * * the claimant must show a determined, though unsuccessful, effort to attempt substantially gainful employment which is reasonably suitable for one suffering from the claimed impairment." It seems to me this plaintiff has made no attempt whatsoever to seek *any* gainful employment.

 It is true that the plaintiff was awarded a disability under the Kansas Workmen's Compensation Act, G.S.1949, § 44–501 et seq., however, such awards are made under different standards of disability and the evidence may not have been the same before these agencies. The Secretary must make his own independent findings.

I am of the opinion that the findings of fact and inferences of the referee, who heard the testimony, and examined the witnesses, and considered all of the evidence now before this Court, is supported by substantial evidence.

It is, therefore, ordered that the motion of the defendant for summary judgment be, and the same is, sustained, and the motion for summary judgment of the plaintiff be, and the same is, overruled.