**Mabel FERRICKS**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare.**

**Civ. A. No. 27222.**

United States District Court
E. D. Pennsylvania.

Oct. 24, 1960.

Alexander F. Barbieri, Erskine, Barbieri & Sheer, Philadelphia, Pa., for plaintiff.

Walter E. Alessandroni, U. S. Atty., James P. Dornberger, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

EGAN, District Judge.

On June 13, 1957, the plaintiff filed with the Bureau of Old-Age and Survivors Insurance of the Social Security Administration, Department of Health, Education and Welfare, applications to establish a period of disability and for disability insurance benefits, under Sections 216(i) and 223, respectively, of the Social Security Act[1] as amended (the Act), 42 U.S.C.A. §§ 416(i), 423, which were disallowed by decision of the Referee on January 30, 1959. The Appeals Council denied plaintiff's request for re-

I. 42 U.S.C.A. §§ 301–1371.

view of the Referee's decision on September 3, 1959 and this, of course, becomes the official act of the Secretary. This proceeding was then instituted for review under Section 205(g) of the Act, 42 U.S.C.A. § 405(g), and the Secretary, as is required by the Act, was named as the defendant.

Both sides move for summary judgment.

Plaintiff was born on October 30, 1902. She has an 8th grade education. Her left ankle was crippled by polio at age 5. She had been employed as a power sewing machine operator making ladies' handbags since 1934 and continued to do that type of work until the date of her incapacity in June 1956, a period of about 22 years.

Plaintiff avers that "since June of 1956 until the present date she has not and cannot perform or engage in any substantial gainful activity since she is under constant and crippling pain as a result of a physical disability and illness involving her lower back and entire left side of her body from her hip to her left foot * * * ."

Plaintiff had been under the care of her family physician, Dr. Max Mann, for almost 25 years. He referred her to Dr. William Gash, an orthopedic surgeon, who performed an operation on her left ankle at the Albert Einstein Medical Center. What happened at the time is well described in the Referee's decision as follows:

"About a year after she terminated her employment, she was admitted to the Albert Einstein Medical Hospital with a complaint of weakness and instability of the left foot and ankle. The condition was apparently life-long and was a residual of poliomyelitis contracted at the age of five. In June 1957 a triple arthrodesis of the left ankle was performed. She was readmitted on October 8, 1957, and the foot was recast. The third and last admission was on March 28, 1958, for the removal of plaster cast and follow-up for the triple arthrodesis of the left ankle joint. X-ray reveals fusion of tarsals but not of the ankle joint. The report states: 'Clinically, she has a stable foot and ankle. She is to be measured for an ankle brace. Discharged to care of referring physician. (William Gash, M. D.)'

"Thus, it would appear for approximately a year this claimant was immobilized because of surgical treatment for instability of the left foot and ankle. The medical reports indicate that the arthrodesis was reasonably successful, although there are indications that the claimant needs a cane to assist her in walking. However, the attending surgeon is of the opinion that the claimant is ambulatory with the aid of crutches, and that in his opinion she is not employable because it would be difficult for her to travel, and furthermore that she cannot work because of low back pain. The surgeon stated that the operation resulted in the solid fusion of the foot but not in the ankle joint."

With respect to Mrs. Ferricks' condition, Doctor Gash certified:

"This is to certify that Mrs. Mable Ferricks was operated on by me on June 1, 1957 for a deformity of the left foot which was the result of an ancient poliomyelitis. A stabilization operation was performed which resulted in a sold fusion of the foot but not of the ankle joint. She is ambulatory with the aid of crutches and will continue to do so the rest of her life. In addition, she has an unstable lumbosacral joint.

"In my opinion she is not employable because it would be difficult for her to travel to any point of employment and she cannot sit long because of her low back disability."

As opposed to plaintiff's positive medical evidence, we find the following in the Referee's decision:

"The diagnosis given by the consultative physician is as follows:

'(1) Status after triple arthrodesis left foot with fusion talo-calcaneal, talo-navicular, calcaneo-cuboid joints. This is satisfactory clinically, but not confirmed radiographically. (2) Left lumbar scoliosis. (3) Chronic low back strain super-imposed upon degenerative arthritis of facet joints at L 4   5 and L 5   S 1.'

"The consultative physician states that the patient's subjective complaints in relation to low back pain appear to outweigh objective findings, despite X-ray evidence of mild facet or apophyseal joint arthritis. The intervertebral disc spaces are well preserved. There is no neurological evidence of herniated disc in that knee and ankle jerks are equal and active and straight leg raising is negative on right at 95° and on the left refers only to thigh and buttocks at 100° without referral to low back. Atrophy of left lower extremity is related to either poliomyelitis or long-period of plaster immobilization for triple arthrodesis or from both factors.

"The consultative physician concludes that 'Patient is ambulatory for passage to and from work. Cane is used for assistance because of triple arthrodesis and for additional support. Low back disability should not prevent sedentary work. No prosthesis is required.' The consultative physician further states that the left foot appears satisfactorily clinically."

The Referee's decision then goes on to say that plaintiff's evidence does not meet that required by the Act and particularly Section 216(i) thereof, 42 U.S. C.A. § 416(i), and concludes as follows:

"From all the foregoing, and because of the express provisions of the Act itself, the claimant must establish that she was under a disability at the time claimed (or, in any event, by the time the earnings requirements were last met) of such severity that she was then actually precluded from engaging in any substantial gainful activity in the then foreseeable future by reason thereof; and, if so, that such disability continued without interruption at least until the time of filing the application to establish a period of disability, or for disability insurance benefits. The evidence herein does not establish such a condition.

"It is the decision of the referee that the claimant is not entitled to establish a period of disability or to disability insurance benefits herein."

We are reminded by Section 205(g) of the Act, 42 U.S.C.A. § 405(g), that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive  *  *  * ." The issue presented here is whether the Secretary's findings of fact are supported by substantial evidence. If not, under Section 205(g), 42 U.S.C.A. § 405(g):

"The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

The Secretary's findings are contrary to the weight of the medical evidence and give no consideration to the inferences to be drawn from the facts of the case. In other words, they are not supported by substantial evidence. Thus the Referee gives no weight to the fact that the plaintiff, crippled with a deformed foot since childhood, sought medical and surgical attention in an effort to bring about a cure that would permit her to return to her occupation. He rests his opinion almost entirely on the Bureau's consulting physician's opinion that there "appears" to be improvement in the foot after the arthrodesis was performed and that plaintiff's condition was not worse than it was initially when she was working and that she should seek some other type of work that

is more suited to her present capabilities.[2]

We believe that this ignores the facts of life as they apply to a crippled woman with an 8th grade education, now 58 years old. The field in which she may seek employment of her present capabilities is so narrow as to be practically non-existent.

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration," Sections 216(i) (1) (A), 223(c) (2), 42 U.S.C.A. §§ 416 (i) (1) (A), 423(c) (2). In ascertaining disability, two ingredients are required—"(1) a determination of the extent of the physical or mental impairment and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity." Klimaszewski v. Flemming, D. C.E.D.Pa.1959, 176 F.Supp. 927, 931.

On the record before us, we find that the plaintiff has shown an "inability to engage in any substantial gainful activity by reason of * * * medically determinable physical * * * impairment which can be expected * * * to be of long-continued and indefinite duration." See Boyd v. Folsom, 3 Cir., 1958, 257 F.2d 778; Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776; Adams v. Flemming, D.C.D.Vt.1959, 173 F.Supp. 873; Aaron v. Fleming, D.C.M.D.Ala. 1958, 168 F.Supp. 291; Jacobson v. Folsom, D.C.S.D.N.Y.1957, 158 F.Supp. 281; Bostick v. Folsom, D.C.W.D.Ark.1957, 157 F.Supp. 108.

The years that have passed since plaintiff's application was filed and her infirmities as described by the doctors seem to confirm that her illness is of a long continuing and indefinite duration.

As Chief Judge Biggs of our Court of Appeals so well said in Klimaszewski, supra, where he was sitting as a District Judge:

"The statute must be given a reasonable interpretation. It is a remedial statute and must be construed liberally. It was not the intention of Congress to impose a test so severe as that required by the Secretary and to exact as a condition precedent to the maintenance of a claim the elimination of every possibility of gainful employment." 176 F.Supp. 927, 932.

In making this pronouncement, Chief Judge Biggs was merely following the policy enunciated by the Supreme Court in Universal Camera Corp. v. N.L.R.B., 1951, 340 U.S. 474, 490, 71 S.Ct. 456, 95 L.Ed. 456.

Under the facts of this case, we are constrained to hold that the plaintiff is insured for disability benefits as determined by the applicable provisions of the Act; that she has attained the age of fifty and has not attained the age of sixty-five and has filed application for disability insurance benefits; that she is under a disability which prevents her from engaging in any substantial gainful activity by reason of a medically determinable physical impairment which can be expected to be of long-continued and indefinite duration; that she filed her application while under such disability; that she is entitled to the benefits of the Act for the "period of disability" as defined therein (Sections 216, 223, supra); and that this Court has jurisdiction of the cause and may grant relief.

2. We note further that the Referee's decision (p. 7, attachment to defendant's answer), which was adopted by the Secretary, indicates that plaintiff first complained of low back pains in early 1958, after the arthrodesis was performed. This is based on the report of the Bureau's orthopedic consultant which was in evidence before the Referee as Exhibit 15. Actually this is inconsistent with the facts because on June 13, 1957, plaintiff filed an application to establish disability (p. 23, attachment to defendant's answer) in which the following question and answer appear:

"7(a) How does your impairment prevent you from working at the present time?

"Terrible back pains and I can't stay on my job."

The above constitute our findings of fact and conclusions of law.

The defendant's motion for summary judgment will be denied. Plaintiff's motion for summary judgment will be granted and the cause will be remanded for a computation of the benefits to which plaintiff is entitled under the applicable provisions of the Act.

Counsel for the parties will submit an appropriate order within twenty days of the date hereof.