**George LOFTIS, Plaintiff**

v.

**Abraham RIBICOFF, Secretary of Health, Education & Welfare, Defendant.**

**No. 13030.**

United States District Court
W. D. Missouri, W. D.
March 22, 1961.

Knipmeyer, McCann & Millett, Kansas City, Mo., for plaintiff.

Edward L. Scheufler, by J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for defendant.

DUNCAN, District Judge.

The matter before the court is the Petition for Review of the adverse disability determination under the Social Security Act, 42 U.S.C.A. § 301 et seq. Plaintiff has exhausted all of his administrative remedies, and the matter is now properly before this court.

Plaintiff filed his application for disability insurance benefits in the manner provided by law, alleging that he was unable to engage in substantial gainful work beginning in July, 1957, resulting from an injury to his back while he was engaged in the performance of his employment responsibilities. The evidence clearly reveals that he suffered a herniated disk, that he underwent a laminectomy resulting in the fusion of said vertebra resulting from such injury.

The evidence tends to reveal that he has been unable to engage in any type of substantial gainful employment since such injury. At the time he was also suffering from many other organic disabilities which were fully covered in the Hearing Examiner's decision.

The Hearing Examiner, in an exhaustive opinion, held that the plaintiff was not totally disabled within the meaning of the Act, from engaging in any substantial gainful occupation.

Plaintiff seems to be suffering from hypertension, some degree of heart disorder, diabetes and a rather aggravated condition of hypertrophic arthritis, which was in no respect associated with the injury for which he claims disability. He claims that at the time he was injured, he was covered by the Workmen's Compensation Act, V.A.M.S., § 287.010 et seq., and sometime subsequent to his operation, a settlement was made with his employer's insurance carrier on a lump-sum basis.

At that time it was discovered or determined that he was suffering from partial total disability and his doctor says that such partial permanent disability was 35 to 40% of his entire body.

Plaintiff had been engaged all of his life as a laborer in various phases of construction work. One paragraph of the Hearing Examiner's opinion (page 16) states that:

"Though it may well be that claimant can or should no longer do the kind of heavy physical manual labor he was last engaged in because of his age and his minor cardiovascular condition, as well as such degree of pain and lack of mobility as he does have, it by no means follows that he is incapable of undertaking any other substantial gainful activity as required by the Act in order to qualify for the relief here demanded by him. The Hearing Examiner is aware that the testimony establishes that claimant can neither read nor write and that he has spent a lifetime at heavy manual labor. It is his own testimony, as noted, that he does have sufficient mechanical skill to do light mechanical assembly work and there are many other employments in our economy of a similar, lighter nature which are within the claimant's residual capacity, and the Hearing Examiner so finds."

Plaintiff is now sixty-four years of age, and I do not see how he can ever be employed again. Considering the refusal of industry generally to employ men of his age once they have been separated from the service, it certainly is not within reason to believe that he would be employed in some new type of work.

However, a review of the medical evidence I think reveals that there was substantial evidence upon which the Hearing Examiner could base his conclusion that he was not entirely incapacitated from performing any substantial gainful employment. The fact that there are no jobs available did not seem to be within the anticipation of the Act. Clearly the man's injury caused him to lose the employment that he had, at the time of the injury.

As reluctant as I am to do so, I cannot escape the conclusion that there was substantial evidence upon which to base the Hearing Examiner's findings, which are binding upon this court, and such findings are hereby affirmed.