Joseph MELISI, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 60-C-41.

United States District Court E. D. New York.

April 24, 1961.

H. Elliot Wales, New York City, for the motion.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., Malvern Hill, Jr., Asst. U. S. Atty., Brooklyn, N. Y., of counsel, in opposition.

RAYFIEL, District Judge.

The plaintiff has moved under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate and set aside my decision and order herein, dated October 5 and October 13, 1960, respectively, wherein I denied plaintiff's motion for summary judgment and granted defendant's cross-motion for similar relief.

The plaintiff cites as authority the case of Kerner v. Flemming, 283 F.2d 916, decided by the Court of Appeals of this Circuit on November 18, 1960. In that case, as in the one at bar, the plaintiff commenced an action pursuant to Section 405(g) of Title 42 U.S.C.A., to review and reverse a decision of the Social Security Administration which had denied him disability benefits. Both sides moved for summary judgment. Judge Byers denied plaintiff's application therefor and granted that of the defendant, as did I in the instant case, on the ground that under section 405(g) supra, the findings of the Secretary (of Health, Education, and Welfare) as to any fact, if supported by substantial evidence, are conclusive.

In reversing Judge Byers and remanding the case to the Secretary to take further evidence, Judge Friendly, writing for the unanimous court, stated, at page 921, "Such a determination (whether plaintiff was unable to engage in substantial gainful activity commensurate with his age, education, training, experience, mental and physical capacities) requires resolution of two issues —what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do? *Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available,* Aaron v. Fleming, D. C.M.D.Ala.1958, 168 F.Supp. 291, 295." (Matter in parentheses, and emphasis, supplied).

And, at page 922, "We think that was the appropriate course for the District Judge to have followed here, (to have remanded the case to the Secretary for the taking of additional evidence) as

Judge Kaufman did in Jacobson v. Folsom, D.C.S.D.N.Y.1957, 158 F.Supp. 281. It should not be hard to provide better medical evidence as to what work plaintiff can and cannot do, *and the Secretary's expertise should enable him readily to furnish information as to the employment opportunities* (including those in sheltered workshops), *or the lack of them, for persons of plaintiff's skills and limitations.*" (Matter in first parentheses, and emphasis, supplied).

The quotations cited above are applicable to the case at bar. There was no evidence in the record to indicate what employment opportunities, if any, were available for persons of the plaintiff's skill and physical limitations.

Accordingly, the motion is granted, my decision of October 5, 1960 and the order entered thereon on October 13, 1960 are vacated and set aside, and the case is remanded to the Social Security Administration to take further evidence in accordance with the opinion in the case of Kerner v. Flemming, supra.

Settle order on notice.