**Durvin F. FOWLER, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare of the United States of America, Defendant.**

**Civ. A. No. 2777.**

United States District Court
W. D. South Carolina,
Spartanburg Division.
July 8, 1961.

James W. Workman, Union, S. C., James B. Stephen, Spartanburg, S. C., for plaintiff.

Joseph E. Hines, U. S. Atty., Spartanburg, S. C., James D. Jefferies, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, Chief Judge.

This is an action commenced by plaintiff asking the District Court to review a final decision of the Secretary of Health, Education and Welfare in accordance with 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g). The decision of the Secretary denied the plaintiff the period of disability and disability insurance benefits for which he applied. There is no question as to jurisdiction or the plaintiff's right to bring the action.

 The statute must be given a reasonable interpretation as it is remedial in nature. Harper v. Flemming, 4 Cir., 1961, 288 F.2d 61. It certainly was not the intention of Congress to impose a test so severe as that required by the Secretary, thus making it necessary for a claimant to eliminate every possibility of gainful employment. Peck v. Ribicoff, D.C.1961, 193 F.Supp. 450; Klimaszewski v. Flemming, D.C., 176 F.Supp. 927, 932; Dunn v. Folsom, D.C., 166 F.Supp. 44.

The Social Security Act must be administered with much informality, and satisfaction of claimant's statutory burden is to be judged in a practical way. Butler v. Flemming, 5 Cir., 1961, 288 F. 2d 591.

Test of eligibility for disability freeze under the Social Security Act must include consideration of claimant's background experience, training, education, physical and mental capabilities, whether type of employment he has followed is open to him and absence of any indication of specific work which he can perform existing in general area where he lives. Butler v. Flemming, supra.

The statute provides, 42 U.S.C.A. § 423(c) (2), that "The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

The hospital and medical records and testimony in this case show that plaintiff was "permanently and totally disabled for employment"; that he had cancer of the larynx; emphysema, pulmonary, due to unknown cause; and hypertensive arteriosclerotic cardiovascular disease.

The plaintiff died from this same condition on March 24, 1961, less than one year after the Secretary denied his claim.

Since I heard arguments in this case, the Secretary has filed a motion to remand the case for further hearing. The conclusion of the Examiner in this case is so clearly erroneous, it is my opinion that the case should not be further delayed by remanding it. Therefore, the decision of the defendant Secretary in this case should be reversed and counsel may submit an appropriate order substituting the proper representative of the deceased plaintiff as the real party in interest, and an appropriate order in accordance with the opinion and conclusion herein.