**Milton J. WHALEN, Plaintiff**

v.

**Abraham A. RIBICOFF, Secretary of the U. S. Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 60-58-J.**

United States District Court
D. Massachusetts.

Aug. 25, 1961.

George J. Dodd, Boston, Mass., for plaintiff.

**2**

Elliot L. Richardson, U. S. Atty., P. Craig Combs, Asst. U. S. Atty., Boston, Mass., for defendant.

JULIAN, District Judge.

The plaintiff brings this action under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to obtain a review by the Court of the decision of the defendant that he is not disabled within the meaning of § 216(i) and § 223(c) (2) of the Act, 42 U.S.C.A. §§ 416(i) and 423(c) (2), and therefore not entitled to disability insurance benefits.

■ The referee's decision became the final decision of the defendant upon denial by the Appeals Council of the Social Security Administration of the claimant's request for a review. Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776.

The referee's decision is so written that it is often difficult and sometimes impossible to separate recitals of the evidence from findings of fact.

■ The claimant was born in 1900 and was 59 years old at the time of the hearing before the referee. On July 31, 1957, he sustained a laceration on his left hand from a human bite while working as a bartender. The wound became infected and he was hospitalized for 30 days. He was still under medical treatment at the time of the hearing. As the result of the injury his left hand has become badly shrunken. There is also generalized muscle atrophy of his entire left arm. The claimant has substantially lost the function of his left hand. The remaining usefulness of his left arm as a whole is negligible.

Unless recourse is had to operative procedures and subsequent therapy and such procedures and treatment prove sufficiently successful, the crippled condition of the claimant's left hand and arm is permanent. The claimant is left-handed although he can write with his right hand.

The claimant also suffers from a severe diabetic condition and is being treated with insulin. There is testimony that he has occasional blackouts from the diabetes and requires constant medical supervision.

The claimant worked as a bartender from about 1944 until he was injured in 1957. From about 1938 to about 1944 he worked in his father's liquor business. He graduated from college with a B.S. degree in mechanical engineering in 1922 and was self-employed in engineering work to an undisclosed extent from 1922 to 1938. There is evidence that he was never licensed as an engineer; that he could not obtain engineering work and for that reason went to work for his father in the liquor business.

The claimant has tried without success to obtain work since October 1957 as a plant engineer in a supervisory capacity. He has answered advertisements for such employment but claims that his age and the fact that his arm is useless "are against him." There is evidence that the State Vocational Rehabilitation Agency advised the claimant that because of his age and the impairment of his left hand employers would not hire him. In answer to a question by the referee the claimant stated that he would take a job operating an elevator that could be worked with one hand but did not know whether he could perform that work until he tried.

There is no evidence in the record tending to prove that the claimant in his present physical condition has the ability to engage in any specific or generic gainful activity of a substantial nature.

The defendant's ultimate finding of fact is clear:

"After carefully considering all of the evidence including particularly the claimant's education, work experience and age, the referee feels compelled to find and does find that the claimant has not established that he was under a disability within the meaning of the Social Security Act, as amended, beginning as alleged on July 31, 1957, and continuing without interruption to the date on which he filed his applications, May 9, 1958."

The term "disability" is defined in §§ 216(i) and 223(c)(2) of the Act as follows:

"* * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *"

Section 223(c)(2) further provides that

"an individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required."

It is impossible to determine whether two statements of the referee on which his ultimate finding of fact depends were intended to be subsidiary findings of fact or mere speculative comment. I refer to the following:

"With the claimant's educational attainments and experience and despite his partial permanent impairment of his left upper extremity and his diabetic condition, *it would appear* that his residual capacities are such as to permit him to engage in *some substantial gainful activity* not involving the full use of his left upper extremity." (Emphasis added.)

"Even though he may not be able to use his injured left hand in holding draftsman's tools or to engage in his more recent occupation as a bartender, his impairments *would not seem* to prevent him from engaging *in some substantial gainful activity* not involving the full use of his left upper extremity." (Emphasis added.)

The phrases "it would appear that" and "would not seem" as used in the quoted statements point to speculation on the part of the referee. Furthermore, it is impossible to know what the referee means by "some substantial gainful activity." Nor is there any certainty as to what capacities the referee has in mind when he uses the words "residual capacities."

The quoted statements, if intended by the referee to be findings of fact, are too vague and indefinite to furnish a basis for the ultimate finding. The referee seems to rely heavily on the fact that the claimant received training in mechanical engineering. He received that training, however, about 37 years before the hearing, and after using it for a few years unsuccessfully and in a desultory manner, he turned away from engineering altogether as far back as 1938. In view of the claimant's present physical condition, age, and the extreme remoteness of such training and experience as he may have had in engineering, it is unrealistic and unreasonable to assume that he presently possesses the ability to engage in substantial gainful activity in engineering or other related field.

"The test of disability," states the referee, "is whether the claimant suffered medically determinable impairments which prevent him from engaging in any substantial gainful activity and not the unavailability of work or the predilection of employers for the employment of younger persons not suffering from any physical handicap."

I agree with the referee. If, however, medically determinable physical impairments caused by injury and disease superimposed on the claimant's advanced age have rendered him in fact unemployable, then, unless the impairments are remediable, a finding would be warranted that the claimant is unable to engage in any substantial gainful activity. In the case before me there is no substantial evidence that the claimant is employable. There is substantial, uncontradicted evidence that in his present physical condition, he is not.

I agree with the view expressed in Parfenuk v. Flemming, D.C.Mass.1960, 182 F.Supp. 532, at page 535:

"No doubt the statute and the regulation require a claimant to prove that he lacks the ability to do a substantial amount of the kind of

work which he has done or for which he has been educated. But to succeed a claimant need not prove that he is 'totally helpless and bedridden.' Aaron v. Fleming, 168 F.Supp. at page 295; Lease v. Fleming, 178 F. Supp. at page 172. The claimant's burden is merely to prove that as a result of his medically determined impairment he no longer is capable of performing a substantial amount of work which is 'commensurate with' his 'educational attainments, his training and experience.' Jacobson v. Folsom, 158 F.Supp. at page 286."

and at page 536:

"* * * it is not the burden of the claimant to introduce evidence which negatives every imaginable job open to men with his impairment and of his age, experience, and education. It is quite enough if he offers evidence of what he has done, of his inability to do that kind of work any longer, and of his lack of particular experience and particular education for any other type of job. If there are other kinds of work which are available and for which the claimant is suited, it is the Secretary's burden to go forward to offer evidence of those types of work."

See also Klimaszewski v. Flemming, D.C. E.D.Pa.1959, 176 F.Supp. 927, 932, where the court adopted a similar view:

"There is no demonstration by way of evidence or argument that this claimant is qualified for any specific employment. The claimant's proof that he is not qualified to engage in any substantial gainful activity is not adequately countered by the Administration's suggestions of possible employment.

"The word 'any' must be read in the light of what is reasonably possible, not of what is conceivable. The statute must be given a reasonable interpretation. It is a remedial statute and must be construed liberally. It was not the intention of Congress to impose a test so severe as that required by the Secretary and to exact as a condition precedent to the maintenance of a claim the elimination of every possibility of gainful employment."

On the record before me the defendant's finding that the claimant was not disabled within the meaning of the Act is not supported by substantial evidence.

■ Another question, however, remains to be considered. The defendant in his memorandum in support of the motion for summary judgment argues that, "although the human bite sustained by the plaintiff on his left hand was undoubtedly serious and although flexion deformities eventually appeared in the four fingers of the plaintiff's left hand, the record clearly shows that if the plaintiff had agreed to the amputation of his middle finger which was the finger actually affected by the original infection, the motion in his other fingers could have been restored to a substantial degree." The defendant also contends that the claimant's diabetes could have been controlled if he had consented to hospitalization.

Section 404.1501(g) of Social Security Administration Regulations No. 4 (20 C.F.R. 404.1501(g)) provides as follows:

"(g) Impairments which are remediable do not constitute a disability within the meaning of this section. An individual will be deemed not under a disability if, with reasonable effort and safety to himself, the impairment can be diminished to the extent that the individual will not be prevented by the impairment from engaging in any substantial gainful activity."

While it is true that there is evidence in the record on the issue of the remediability of the claimant's impairments, the referee made no findings of fact on that issue. There are no findings that the claimant's impairments are remediable or that "with reasonable effort and safety to himself" they could be dimin-

ished to the requisite extent. Under the Act it is the function of the defendant and not of this Court to make these findings, and they are not to be inferred from the defendant's general finding that the claimant is not disabled within the meaning of the Act.

The defendant's motion for summary judgment is denied.

Upon the pleadings and transcript of the record the decision of the defendant is reversed and the cause remanded for a rehearing.