Dorothy H. KEEFE, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 8067.

United States District Court
N. D. New York.

Nov. 3, 1961.

Shaffer & Leverton, Syracuse, N. Y., for plaintiff (Robert E. Jones, Syracuse, N. Y., of counsel).

Justin J. Mahoney, U. S. Atty., Syracuse, N. Y., for defendant (Robert A. Contiguglia, Asst. U. S. Atty., Syracuse, of counsel).

BRENNAN, Chief Judge.

This action is brought pursuant to Title 42 U.S.C.A. § 405(g) to review the decision made by the Bureau of Old-Age and Survivors Insurance of the Social Security Administration denying plaintiff's claim for a period of disability and for disability insurance benefits under the Social Security Act as amended. Title 42 U.S.C.A. §§ 416(i), 423. There is no question as to plaintiff's eligibility for the benefits claimed insofar as her employment is concerned. No question is raised as to the fulfillment of the procedural requirements which are preliminary to this action. The principal essential steps taken therein will be briefly referred to below.

Plaintiff filed applications to establish a period of disability on November 5, 1956 and for disability insurance benefits on February 20, 1957. These applications were denied and upon plain-

tiff's application, a hearing was held before an examiner on October 14, 1959 at Syracuse, N. Y. The oral testimony of the plaintiff was taken. Plaintiff's applications, several writings submitted by her and several doctors' reports were received—all of which were considered by the hearing examiner and are now a part of the record before this court in this action. The examiner's ultimate finding that plaintiff had not established her rights to the claimed benefits became the final administrative decision herein by reason of the procedures taken in conformity with the Act and the appropriate regulations. Both litigants now move for summary judgment.

Plaintiff's claim of disability as disclosed in the applications rest upon the physical results of an accident which occurred February 12, 1955 when she fell in going to her place of employment because of the slippery condition of the pathway over which she was travelling. It appears without dispute that in the above accident, plaintiff sustained fractures of a bone on both the right and left side of the pelvic area. It is sufficient to say that the fractures healed in a normal manner, leaving no objective evidence of resulting disability.

At the time of the above accident, the plaintiff was about 54 years of age and had been steadily employed by the New York Telephone Company as a telephone operator for upwards of twenty years. She had at least a two year high school education and was an alert, active and intelligent woman. She never married but made her home with her mother in a six room, one-family house. Her mother died in August 1955 and she has lived alone in said house since that time, occupying the rooms both on the ground and the second floors. She performs the ordinary household duties, accomplishing whatever is necessary in the way of cleaning and maintaining the premises. She prepares her own meals; obtains her own groceries from a distance of about three blocks from her home; uses neither crutch nor cane in moving about and no back support or garment to relieve the painful back or pelvic condition of which she primarily complains. The plaintiff sleeps in an apparent normal manner. Her appetite is unaffected and in fact she has gained weight to the point where the question of a regulatory diet is suggested or discussed.

Plaintiff's medical history prior to the accident discloses a serious vision deficiency. About 1934 it became necessary to perform an operation on both of plaintiff's eyes because of cataract conditions. The operation upon the right eye may be termed unsuccessful and plaintiff lost the entire vision therein except the ability to distinguish light and dark. By the use of special lenses, plaintiff's vision in the left eye was and is substantially normal except that her ability to see laterally is impaired but the vision straight ahead, corrected as above, seems to be normal. This condition existed the greater portion of the time she was employed as a telephone operator. It exists at the present time and is apparently permanent. Plaintiff has had other medical treatments for physical conditions which were substantially temporary in their nature and are not factors in the question of the disability claim.

Plaintiff's eye condition and the claim of persistent pain in the pelvic area which persists since the date of the February 12, 1955 accident are the bases of her claim.

Plaintiff never returned to her work as a telephone operator. After several permitted periods of absence from her employment, she applied and was granted pension benefits by her employer on February 11, 1957. Such benefits amount to approximately $90. per month which is her only income other than that from securities owned by her.

Little need be said as to the medical reports which are a part of the record and were made by several different doctors on different occasions up to the time of the hearing. There is no substantial dispute as to plaintiff's vision impairment. Orthopedic and neurological examinations do not disclose a clinical basis

for the persistent and continuing pain from which the plaintiff asserts she suffers and describes as "neuritis". Medical opinions are expressed that plaintiff's condition would prevent her performing her regular duties as a telephone operator.

All of the evidence was discussed and evaluated in the hearing officer's rather lengthy report which concludes with the statement that "The evidence is insufficient to support a finding, that the claimant's impairments, are of that level of severity, which would preclude her, from engaging in some substantial gainful activity". This ultimate finding is preceded however by what may be termed a subsidiary finding, viz.: "There is no doubt she could do housework for others * * *." The examiner also found that plaintiff's former employer could provide employment for her which she might be able to do "but it has been unavailable". The only construction which this court can place upon the examiner's statement that "it has been unavailable" is that by his use of the word "unavailable", he meant that while the employment opportunity existed, plaintiff concluded that her condition prohibited her from applying therefor. Plaintiff herself in testifying said "They (her employer) have filing jobs. They have just about everything. Every kind of a job. They have women who clean. You said, I do my cooking. They have a cafeteria" and again "There is just about any kind of a job at the telephone company. I could have anything they have down there, sitting down and standing up jobs".

The law involved requires no lengthy discussion. The numerous decisions now available show no conflict in the general principles which must be applied. Difficulty arises only in their application to the facts of each particular case. Discussion of individual decisions is of little value once the general principles are enumerated.

That the plaintiff has the burden of proof, to establish the claimed disability, is a requirement of the statute. Kerner v. Flemming, 2 Cir., 283 F.2d 916, at 921. The disability which must be so established is likewise defined therein. Title 42 U.S.C.A. §§ 416 (i) and 423(c) (2). It is defined in its essentials here as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment". As so defined, it has been discussed and applied in many reported decisions. In Aaron v. Fleming, D.C., 168 F.Supp. 291, at 295, which is frequently cited, it is stated in effect that the disability defined in the Act does not require a showing of helplessness. The Act is remedial in its nature and should be construed and applied in a practical way. Butler v. Flemming, 5 Cir., 288 F.2d 591; Peck v. Ribicoff, D.C., 193 F.Supp. 450. Claimant's age, education attainments, training, experience, mental and physical capacities are all factors which enter into such practical application. Mere theoretical ability to engage in substantial gainful activity is not enough. Kerner v. Flemming, supra. Judicial construction, however, may not be used to change the legislation into one creating benefits based solely upon unemployment.

The limits of this court's power of review in this action is found in the statute itself (42 U.S.C.A. § 405(g) ) which reads as follows—"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." The existence of substantial evidence to support the finding of the Board is then the obligation of this court.

The definition of the term "substantial evidence" and its application are so well discussed in Randall v. Flemming, D.C., 192 F.S. 111, at 114 and 115 as to require no repetition in this decision. The text and the authorities cited are adopted here. Even if this court would have arrived at a different conclusion from that made herein does not justify the overturning of the decision. The examiner had the benefit of his observations of the claimant and was in a peculiar position to evaluate her oral evidence.

This court may not substitute its judgment for that of the administrative body because it draws contrary inferences from the facts disclosed. Walker v. Altmeyer, 2 Cir., 137 F.2d 531.

■ Although the decision in this case was made prior to Kerner v. Flemming, supra, the record discloses substantial evidence for the determination of "what can applicant do, and what employment opportunities are there" for her. We have the direct finding that the applicant here can perform services in the nature of household work. We have the applicant's own testimony to the effect that all types of employment are available to her. In this state of the record, the action of the Secretary in denying the applicant the requested benefits must be affirmed and the defendant's motion for a summary judgment, dismissing the complaint, granted, and it is

So ordered.