Ilix H. PERKINS, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

No. LR 3799.

United States District Court
E. D. Arkansas, W. D.

Dec. 8, 1961.

Cooper Jacoway, Little Rock, Ark., for plaintiff.

Osro Cobb, U. S. Atty., Charles Mott, Jr., Asst. U. S. Atty., Little Rock, Ark., for defendant.

HENLEY, Chief Judge.

This cause is now before the Court upon a petition to review the final determination of the Social Security Administration that plaintiff is not entitled to the payment of disability insurance benefits or to a period of disability as applied for by him in applications filed with the Bureau of Old-Age and Survivors Insurance in October 1956 and July 1957. Ju-risdiction is conferred by 42 U.S.C.A. § 405(g).

After plaintiff's claims had been rejected by the Bureau, he sought and obtained a hearing before a Referee of the Office of Appeals Council. The hearing was held in May 1958, and plaintiff was represented by counsel. In June 1958 the Referee filed an opinion denying the claims. On July 10, 1959, the Office of Appeals Council filed an opinion affirming the Referee. This decision of Office of Appeals Council constituted a final determination by the defendant Secretary that plaintiff was not entitled to the relief sought, and plaintiff thereafter brought this action.

The scope of permissible judicial review under section 405(g) is so well settled by now that there is no occasion to restate it.

In the proceedings before the agency it was the burden of the plaintiff to establish by a preponderance of credible evidence that when he filed his application for a period of disability on July 17, 1957, he was suffering from a disability of statutory dimensions, that is to say that he was by reason of a medically determinable physical or mental impairment unable to engage in any substantial gainful activity, and that his inability might be expected to result in death or to be of long or indefinite duration. Further, it was necessary for him to establish that as of the date above mentioned his claimed disability had lasted for at least six months.

While the statutory test of a "disability" is a strict one, "disability" is not to be equated with complete helplessness. In order to be disabled within the meaning of the Social Security Act, a claimant is not required to show that he is completely helpless, or bedfast, or at death's door. The idea of disability is not negatived by the fact that claimant may be able to move around the house, or to engage in some minimal physical activities, and he is not to be penalized merely because he was manifested a willingness to try to work, and has tried

unsuccessfully to earn his bread without recourse to Government benefits. Furthermore, in order to be disqualified for benefits under the Act the claimant's ability to engage in a substantial gainful occupation must be actual and practical, a mere theoretical ability to engage in some sort of work is not sufficient where there is no reasonable opportunity for such employment. See: Kerner v. Flemming, 2 Cir., 283 F.2d 916; Flemming v. Booker, 5 Cir., 283 F.2d 321; Kohrs v. Flemming, 8 Cir., 272 F.2d 731; Harmon v. Ribicoff, W.D.Ark., 192 F.Supp. 743; Mann v. Flemming, W.D.Ark., 189 F.Supp. 587; Sebby v. Flemming, W.D. Ark., 183 F.Supp. 450; Dunn v. Folsom, W.D.Ark., 166 F.Supp. 44.

There can be no question that when plaintiff filed his application in July 1957 he was laboring under a serious physical impairment of a progressive nature, and that as of that time his total disability might be predicted with a reasonable degree of certainty. As a matter of fact the record in a subsequent suit filed by plaintiff (Perkins v. Ribicoff, E.D.Ark., Docket No. LR–61–C–27) reflects that in 1959 plaintiff filed another application for a period of disability, and that he was granted relief on that application by the agency.

However, even discounting the plaintiff's farming activities and what little he did around the house and garden, the Court is not able to say that the record establishes that as a matter of law plaintiff was suffering from a disability of statutory dimensions as of the time he filed his 1957 application or that such disability had endured for six months prior to that time or for any particular length of time, or that the agency's finding that no sufficient disability existed on the crucial date was arbitrary or capricious or not supported by substantial evidence. To put the matter another way, the burden was upon the plaintiff, and he failed to discharge his burden.

The challenged administrative determination will be affirmed, and the complaint herein dismissed.