Homer C. PAUL, Plaintiff,

v.

Abraham RIBICOFF, as Secretary of the United States Department of Health, Education and Welfare, Defendant.

Civ. A. No. 7138.

United States District Court
D. Colorado.

May 28, 1962.

Harry E. Carleno and Robert R. Gallagher, Jr., Englewood, Colo., for plaintiff.

Lawrence M. Henry, U. S. Atty., Denver, Colo., for defendant.

ARRAJ, Chief Judge.

This action was brought under the Social Security Act for judicial review of a decision rendered by a hearing examiner of the Office of Hearings and Appeals, Social Security Administration, Department of Health, Education, and Welfare wherein plaintiff's claims for the establishment of a period of disability and for disability benefits were denied. Request for review was denied by the Appeals Council. The matter is presently before the Court on motions for summary judgment filed by each of the parties.

It is alleged that the plaintiff first became unable to work on August 13, 1957, because of a "disabled back". At that time plaintiff was sixty-two years of age, and he had eight years of formal education. Plaintiff's first employment consisted of general farm work which lasted approximately ten years. For thirty-seven years thereafter he was employed in drop forging in Illinois which involved the handling of heavy sheets of steel. The record indicates that the plaintiff reluctantly terminated drop forge work due to lengthy absences incurred by his back condition, and upon the advice of a doctor, he moved to the dry climate of Colorado.

In essence, the plaintiff's condition may be characterized as osteoarthritis of the back. The hearing examiner concluded that this arthritic condition has prevented the plaintiff from engaging in the heavy drop forging employment; however, the hearing examiner apparently felt that whereas none of the medical evidence established that the claimant was prevented from engaging in light or sedentary work, he was capable of engaging in substantial gainful activity.

The amount of activity in which plaintiff engaged appears to have been sporadic, depending in part upon weather conditions and the amount of exertion required. For instance, during the period in question, the plaintiff did some painting on the lower part of his house and worked in his yard and garden. He had done some hunting and fishing, and, for a time he went horseback riding two to four times a week. He drove an automobile with an automatic transmission short distances, and he occasionally shopped for groceries.

On the other hand, the record discloses that the plaintiff had performed some relatively normal tasks, such as driving a tractor, which rendered him incapacitated for several days. Apparently, he was unable to sit for long periods of time. On occasion he was in severe pain, and at times he could not control his movements when attempting to engage in ordinary activities.

The plaintiff wore a back support which enhanced his ability to undertake some exertive activities without undue discomfort. He has been given extensive medication to relieve the pain caused by the arthritic condition.

It is indicated that various types of employment for the plaintiff have been considered by him and his family. Such work as janitorial services, step ladder assembly or service station attending was rejected due to the probable necessity of bending or stooping which might

be involved. There is, however, no showing that an attempt was made to actually engage in each of these occupations.

This Court has recently considered the term "disability" as it is defined in Sections 216 and 223 of the Social Security Act, 42 U.S.C.A. Secs. 416, 423; Clifton v. Ribicoff, D.C.Colo. 1961, 195 F.Supp. 673. It was noted therein that the several cases which have interpreted the sections of the Social Security Act in question indicate a stricter test is imposed by the Secretary than that contemplated by the Act. A fair and reasonable interpretation of the Act was said to rest upon a test for disability which consists primarily of two parts: "(1) a determination of the extent of the physical or mental impairment and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity." Klimaszewski v. Flemming, D. C.E.D.Pa.1959, 176 F.Supp. 927, 931.

This Court also declared in Clifton that the plaintiff must carry the burden of proof in showing that a disability exists as defined by the Act, subject, however, to a limit on the amount of proof which the plaintiff must submit to carry that burden. In this regard reference was made to Corn v. Flemming, D.C.S.D. Fla.1960, 184 F.Supp. 490, wherein it was said that a claimant's proof of inability to further engage in his usual or lifelong occupation was sufficient to carry this burden of proof when there was no definite evidence as to other work which he could perform. "Mere abstract speculation by the Referee of (the) Appeals Council as to a possible avenue of employment for a claimant is not 'evidence' which a claimant should be required to refute; if it were, disability would be a meaningless word."

However, because of the voluminous number of recent cases dealing with this subject, this Court feels it should clarify its view as to what is the applicable law in this area.

■ By statute, the claimant has the burden of furnishing such proof of dis-

ability, or inability to engage in any substantial gainful activity, "as may be required;" 42 U.S.C.A. §§ 416(i) (1), 423(c) (2). In general, "substantial gainful activity" must be viewed in the light of the individual's age, education, training and work experience. Teeter v. Flemming, 7 Cir., 1959, 270 F.2d 871, 77 A.L.R.2d 636; Aaron v. Fleming, D.C. Ala.1958, 168 F.Supp. 291; 20 C.F.R. Section 404.1502(a). Many recent decisions indicate that the industrial complex in which the claimant is found is also a factor to be considered in this regard. Graham v. Ribicoff, 9 Cir., 1961, 295 F.2d 391; Varnado v. Flemming, 5 Cir., 1961, 295 F.2d 693; Fowler v. Ribicoff, D.C.W.D.S.C.1961, 197 F.Supp. 508; Head v. Flemming, D.C.Or. 1960, 188 F.Supp. 297; Ferricks v. Flemming, D.C.E.D.Penn.1960, 188 F. Supp. 656; Jacobson v. Folsom, D.C.S.D. N.Y.1957, 158 F.Supp. 281. The foregoing considerations were succinctly summarized in Kerner v. Flemming, 2 Cir., 1960, 283 F.2d 916, where it was declared that a determination of substantial and gainful activity requires the resolution of (1) what the applicant can do, and (2) what employment opportunities exist for a man who can do only what the applicant can do. But cf. Stoliaroff v. Ribicoff, D.C.N.D.N.Y. 1961, 198 F.Supp. 587; Loftis v. Ribicoff, D.C.W.D.Mo.1961, 193 F.Supp. 469.

However, the actual extent of the claimant's burden of proving disability within the meaning of the Act appears to have received conflicting treatment under the cases which have dealt with the subject. Some decisions have taken a restrictive approach with regard to recovery of disability benefits. These cases often stress the claimant's burden of showing disability without discussing the amount of proof which he is required to produce; it is then said that the findings and inferences of the hearing examiner are conclusive if supported by substantial evidence appearing in the record when read in its entirety. Paull v. Ribicoff, D.C.Mont.1961, 197 F.Supp.

108; Stoliaroff v. Ribicoff, supra; Howell v. Flemming, D.C.Or.1960, 188 F.Supp. 223; Chesney v. Flemming, D.C. E.D.Tenn., 180 F.Supp. 437; Ussi v. Folsom, D.C.N.D.N.Y.1957, 157 F.Supp. 679. Under this line of cases, the indication is that not only must the claimant show that he is unable to do his usual or accustomed kind of work, but he also has the burden of showing that he cannot engage in any other type of substantial gainful activity. Dowling v. Ribicoff, D.C.S.D.N.Y. 1961, 200 F.Supp. 543; Craig v. Ribicoff, D.C.M.D.N.C.1961, 192 F.Supp. 479; Sampson v. Flemming, D.C.Kan.1960, 189 F.Supp. 725.

A less onerous burden on the claimant is prescribed in the exhaustive Randall v. Flemming, D.C.W.D.Mich.1961, 192 F. Supp. 111, wherein it was stated on page 123:

> "It is not necessary that the plaintiff establish the complete absence of any opportunity for substantial gainful employment; he need only establish that he has become disabled from employment in any work or vocation in which he could profitably seek employment in the light of his physical and mental capacities and his education, training, and experience."

The decisions which construe the claimant's burden most liberally indicate that under certain circumstances no affirmative showing by the claimant of inability to engage in other employment opportunities is necessary. For instance, in Parfenuk v. Flemming, D.C.Mass. 1960, 182 F.Supp. 532, 536, Judge Wyzanski stated:

> "It is quite enough if he (the claimant) offers evidence of what he has done, of his inability to do that kind of work any longer, and of his lack of particular experience and particular education for any other type of job. If there are other kinds of work which are available and for which the claimant is suited, it is the Secretary's burden to go forward to offer evidence of those

types of work. Cf. Klimaszewski v. Flemming, supra."

This view of the claimant's burden was repeated in Whalen v. Ribicoff, D.C. Mass.1961, 197 F.Supp. 1; and Ellerman v. Flemming, D.C.W.D.Mo.1960, 188 F.Supp. 521. See also Music v. Ribicoff, D.C.E.D.Ky.1961, 195 F.Supp. 907. This approach seems to have been applied in Roop v. Flemming, D.C.W.D.Va.1960, 190 F.Supp. 820, 823, wherein it was stated:

> "When a claimant proves that he has reached the age of fifty-nine, that he has had only four years of schooling, that the only work he has ever done is manual labor requiring physical strength and stamina, and that he has physical impairment of lungs, foot, and chest which incapacitates him to perform any of this type tasks, then he has proved that he is disabled."

Accordingly, this Court again refers, as it did in Clifton, to the language contained in Corn v. Flemming, supra, previously noted in this memorandum.

The extent of a claimant's burden of proof is primarily a matter of policy based upon experience; Denning Warehouse Co. v. Widener, 10 Cir., 1949, 172 F.2d 910, 13 A.L.R.2d 669. In this connection the Social Security Act, being remedial in nature, is generally construed liberally in favor of the claimant if any substantial basis exists for relief thereunder and if the legislative objectives are thereby achieved. Butler v. Flemming, 5 Cir., 1961, 288 F.2d 591; Schroeder v. Hobby, 10 Cir., 1955, 222 F.2d 713; Keefe v. Ribicoff, D.C.N.D. N.Y.1961, 200 F.Supp. 297; Randall v. Flemming, supra; Pruitt v. Flemming, D.C.S.D.Va.1960, 182 F.Supp. 159; Klimaszewski v. Flemming, supra. A most lucid statement with respect to the claimant's burden was made by Judge Wyzanski in Scales v. Flemming, D.C. Mass.1959, 183 F.Supp. 710, 714, when he concluded:

> "The defendant quite rightly notes that in other areas of law where a person claims that he is totally dis-

abled it is up to him to bear the burden of negativing the possibility of his being employed even in types of jobs he never had tried. He has to show that he or someone else probed the labor market and found that there were no available substantial jobs for anyone with his characteristics and possibilities of rehabilitation. Cf. United States v. Still, 4 Cir., 120 F.2d 876. And surely the Social Security Administration could reasonably have put upon claimants the burden of proving that there was no market for their services. But those who drafted the regulations presumably considered that there would be inconveniences and inequities in applying to this Act the usual formula. Claimants were usually poor. Rarely did they have lawyers. Efforts to show the state of the labor market would be expensive. To require a claimant in each case to show what he had done in looking for different types of jobs might in some instances work a hardship. Therefore, the Social Security Administration's Regulation directs that after giving primary consideration to the severity of the claimant's impairment, those who pass upon his claim shall consider such other factors as the individual's education, training, and work experience.

" * * * (T)he referee recited that Scales' 'impairments * * * do not appear to preclude some form of sedentary work.' Looked at precisely with emphasis on the word 'impairments' this was a quite legitimate finding. But there was not further finding that Scales' education, training, and work experience do not preclude Scales from securing sedentary employment in a substantial gainful activity. So far as this Court can tell the referee did not address himself to that issue, as required by paragraph (b) of Regulation 4. Nor is it clear that if the referee had so addressed himself, he could properly on the record before him have made a finding that Scales could secure such employment.

"Under these circumstances the appropriate course is for this Court to deny defendant's motion for summary judgment and to remand the case to the Secretary for further proceedings."

In Melisi v. Flemming, D.C.E.D.N.Y. 1961, 193 F.Supp. 560, 561, the Court, citing Kerner v. Flemming, supra, quoted as follows:

"And, at page 922, 'We think that was the appropriate course for the District Judge to have followed here, (to have remanded the case to the Secretary for the taking of additional evidence) as Judge Kaufman did in Jacobson v. Folsom, D.C.S.D. N.Y.1957, 158 F.Supp. 281. It should not be hard to provide better medical evidence as to what work plaintiff can and cannot do, *and the Secretary's expertise should enable him readily to furnish information as to the employment opportunities* (including those in sheltered workshops), *or the lack of them, for persons of plaintiff's skills and limitations.*' (Matter in first parenthesis, and emphasis, supplied)."

Therefore, it appears to this Court that, in general, a claimant has adequately established a prima facie case of disability as defined in the Social Security Act when he (1) shows that his physical impairment prevents any further pursuit of his usual or lifelong vocation, (2) shows that his advanced age and lack of education and other work experience are superimposed upon the lack of employment, and (3) when there is no indication in the record of any other definite employment opportunities in the locale where the claimant is situated in which he could realistically engage. The Secretary then has the duty to produce some evidence of employment opportunities which were reasonably available to the claimant during the period involved; if this is done, the claimant

must continue to discharge his burden by showing his inability to engage in such work. If the evidence disclosed by the entire record then reasonably supports the conclusions reached by the hearing examiner, the reviewing tribunal is bound by the administrative official's decision.

■ Under these principles it seems that a showing of ailments and discomforts which temporarily affect a claimant's ability to work, standing alone, probably will not be sufficient to sustain his burden of proving disability; Adams v. Flemming, 2 Cir., 1960, 276 F.2d 901. Illiteracy and limited training and experience would not itself be a physical or mental impairment justifying a finding of disability; Dunn v. Folsom, D.C.W.D.Ark.1958, 166 F.Supp. 44. Nor should the fact that the claimant is no longer physically or mentally able to continue in his customary vocation, without evidence of advanced age and lack of training or absence of other employment experience in a field wherein he may have reasonably engaged during the period in question, serve to carry his burden. See Graham v. Ribicoff, supra; Ryan v. Flemming, D.C.Mont. 1960, 187 F.Supp. 655; Pruitt v. Flemming, supra; Liles v. Flemming, D.C. N.D.Cal.1959, 176 F.Supp. 303. Of course, if the record shows that other employment opportunities are in fact available, and if it is reasonably certain that the claimant can perform the duties required, disability should not be found; Keefe v. Ribicoff, supra.

■ On the other hand, where the claimant furnishes evidence of total disability, as in the Clifton case, this alone establishes a prima facie case of disability which must then be rebutted by the Secretary; Roberson v. Ribicoff, 6 Cir., 1962, 299 F.2d 761.

■ When, in the instant case, the plaintiff showed his relatively advanced age of sixty-two years (in view of current economic realities), compara-

tively little formal education (eight years), and the fact that his physical impairment precluded employment in the only work in which he was trained and experienced, he had adequately carried his burden of proving disability within the meaning of the Social Security Act. It appears, however, that the hearing examiner relied upon the plaintiff's relatively light and fragmentary activities in determining that many possible job opportunities were available to such persons. But intermittent or sporadic activities do not necessarily bar a claimant from establishing disability when he prefers not to remain idle during the period of his claimed disability. Rather, a claimant's ability to work must be regular and substantial, actual and practical, before he may be said to be able to engage in substantial gainful activity. Flemming v. Booker, 5 Cir., 1960, 283 F. 2d 321; Kerner v. Flemming, supra; Kohrs v. Flemming, 8 Cir., 1959, 272 F. 2d 731; Teeter v. Flemming, supra; Perkins v. Ribicoff, D.C.E.D.Ark.1961, 201 F.Supp. 332; Hilber v. Ribicoff, D.C. Mont.1961, 196 F.Supp. 460; Randall v. Flemming, supra; Hier v. Ribicoff, D. C.S.D.Ill.1961, 194 F.Supp. 22; Campbell v. Flemming, D.C.W.D.Ky.1961, 192 F.Supp. 62; Mann v. Flemming, D.C. E.D.Ark.1960, 189 F.Supp. 587; Corn v. Flemming, supra; Dunn v. Folsom, supra.

■ Since nothing appears in the record which definitely identifies work opportunities in which the plaintiff could have reasonably engaged during the period in question, it was the duty of the Secretary to produce evidence of such employment possibilities, absent which the hearing examiner should have granted the requested relief.

Each party's motion for a summary judgment is denied. The case is remanded to the Secretary pursuant to 42 U.S.C.A. § 405(g) with instructions to take additional evidence in accordance with the views expressed herein.